{¶ 22} I am compelled to respectfully dissent as to the majority's disposition of the second and third assignments of error.
{¶ 23} This court has, on occasion in the past, been critical of the Domestic Relations Division's practice of engaging in trial in short segments resulting in cases being tried over extended periods of time. See Leff v. Leff (Mar. 2, 2000), Cuyahoga App. Nos. 75551 75581, unreported at 29, 2000 Ohio App. Lexis 766; Coseriu v. Coseriu (July 24, 1997), Cuyahoga App. Nos. 70972 71041, unreported at 3, 1997 Ohio App. Lexis 3211. The majority opinion serves to perpetuate this criticized practice by reversing and remanding this case to the trial court.
{¶ 24} In the instant case, defendant/appellant claimed a separate property interest in a marital pension. For whatever reason, he was unable to produce evidence of the value of this separate property at trial. In an effort to accommodate appellant, the magistrate extended the trial in order to enable counsel to produce evidence of the missing valuation. Appellant did nothing. He ignored the dates set by the magistrate for production, offered no excuse for the failure to produce and even failed to request a further extension of time to produce the valuation. The magistrate, who by this time had no other alternative, finally wrote the decision and recommendation. Since there was no evidence whatsoever produced by the appellant as to the value of the separate property, the magistrate made the award herein.
{¶ 25} To permit appellant to successfully appeal his own negligence and to obtain yet another "bite of the apple" is in fact to place the burden of obtaining and producing evidence upon the trier of fact. We do not do this in any other legal matter. The burden of proof is upon appellant, not only to establish that some portion of the pension was separate property, but also to value that portion. Despite the consideration extended by the magistrate in continuing matters, appellant failed in his burden of proof. Accordingly, I would affirm the decision of the trial court in its entirety.